BENJAMIN COLLINS, Under-Tutor of William Packie and another, Minors, *v.* BRISBANE MARSHALL, Tutor of said Minors.

The first section of the act of Congress of 19th August, 1841, establishing a uniform system of bankruptcy, having declared that the benefit of the act shall not be extended to any one owing debts in consequence of a defalcation as a guardian, a tutor, against whom a judgment has been rendered for an amount due to the minors under his care, and who subsequently applied to be declared a bankrupt and was discharged as such, not being protected by the proceedings in bankruptcy, may afterwards appeal from the judgment rendered against him. His assignee should not be made a party to the appeal.

APPEAL from the Court of Probates of West Feliciana, *Weems,* J.

MARTIN, J.   The defendant is appellant from a judgment obtained against him as tutor, by the under-tutor of his minors, on the 1st of July, 1842; he applied for the benefit of the bankrupt law of the United States on the 29th of August of the same year, and, on the 10th of October, White was appointed his assignee; he was discharged on the 31st of January, 1843, and took the present appeal on the 20th of June following.

The appellee prayed for the dismissal of the appeal, on the ground that all the rights of the appellant having passed to his assignee, the appeal was improperly taken by the bankrupt. The cause was continued, and the assignee was made a party, on the 20th of January, 1845.

It appears to us that the appeal ought not to be dismissed. It is true the appellant sought the relief of the bankrupt law of the United States, and obtained it *generally.*   But the first section of that law expressly provides that no *guardian* indebted to his minor shall have the benefit of the act.   It is useless to examine whether the guardian can, or cannot be relieved from other claims than those of his ward.

Of these it is clear he cannot.   The appellant, therefore, not not being protected by the proceedings in the court of the United States, and remaining liable under a judgment of a court of this State, pronounced against him in his capacity of guardian, must be allowed to test the correctness of that judgment in this court; and, consequently, was not deprived of an appeal by the

proceedings in bankruptcy. His assignee was improperly made a party in this court.

On the merits, the error complained of by the appellant is one of calculation only. He shows that the Court of Probates erred in charging him with interest or the balance of the account which he rendered, and which that court admitted to be correct. Thus, although it appears by the said account that the defendant and appellant charged himself with interest therein, on the sum of $4,807 72, from the 15th of April, 1839, to 1st of April, 1842, the court in its judgment erroneously charges him with interest from the first date, to wit, 15th of April, 1839, until paid.

It is, therefore, ordered and decreed that the judgment of the Court of Probates be annulled and reversed ; and it is ordered and decreed that the accounts of the appellant be homologated, and that he be dismissed from his tutorship, and that the minors have judgment against him for the sum of four thousand eight hundred and seven dollars and seventy-two cents, with interest thereon at the rate of five per cent per annum from the first day of April, A. D. 1842, until paid ; that the costs be borne by them in both courts ; and that they have a lien and privilege on the real property and slaves of the defendant from the time of his appointment ; that Ann Reid, the mother of said minors, be appointed their natural tutrix, and Benjamin Collins their under-tutor, be discharged, and a new under-tutor appointed.

*Ratliff* and *Dalton,* for the plaintiff.

*Haralson,* for the appellant.